UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Starks Fincher, Jr., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>United States of America, )<br>)<br>Respondent. )<br>_____ ) | C/A No.: 7:11-cv-70010-GRA<br>(Cr. No.: 7:08-cr-01219-GRA)<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before the Court on Petitioner Starks Fincher, Jr.'s Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). After reviewing Petitioner's § 2255 Motion and the records in this case, the Court finds it may render a decision on the Motion without a hearing. *See* 28 U.S.C. § 2255(b). For the following reasons, the Court dismisses Petitioner's § 2255 Motion.

### **Background**

Petitioner pled guilty to possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(a). At sentencing, Petitioner asked this Court to impose a sentence at the low end of his advisory Guidelines sentencing range. This

Court sentenced Petitioner to 262 months imprisonment, which was the lowest prison sentence within Petitioner's Guidelines range.

On direct appeal to the Fourth Circuit Court of Appeals, Petitioner argued that his sentence was unreasonably high. The Fourth Circuit affirmed. *United States v. Fincher*, 374 F. App'x 442, 443 (4th Cir.) (per curiam), *cert. denied*, 131 S. Ct. 345 (2010).

Petitioner filed his § 2255 Motion on January 14, 2011, seeking vacatur of his current sentence and re-sentencing, on grounds of ineffective assistance of counsel and an improper enhancement of his Guidelines range under the Sentencing Guidelines. Petitioner also seeks a sentence reduction based on a recent amendment to the Sentencing Guidelines.

### Standard of Review

Section 2255 provides that a prisoner in custody under sentence of a federal court may petition the court that imposed the sentence to vacate, set aside, or correct the sentence. The court may grant relief on the following grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Generally, a petitioner must prove these grounds by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 546 (4th Cir. 1958) (per curiam).

In deciding a motion under § 2255, the court need not hold a hearing if the motion and the case record "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Moreover, if the motion, its attachments, and the records plainly show that the prisoner is not entitled to relief, the court must dismiss the motion. 28 U.S.C. § 2255, R. 4(b).

Petitioner brings this Motion *pro se*. District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

## Discussion

Petitioner's claims for ineffective assistance of counsel and request for sentence reduction under the recent Sentencing Guidelines amendment fail on the merits. Petitioner's claim regarding his Guidelines range enhancement is procedurally defaulted.

**I.    Ineffective Assistance of Counsel**

Petitioner alleges that his counsel rendered ineffective assistance of counsel in two respects. First, counsel failed to object when, at sentencing, this Court did not place upon the record an individualized assessment of Petitioner's case. Second, counsel failed to argue for a lower sentence for Petitioner's crack cocaine offense based on the sentencing disparities between crack and powder cocaine.

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that his counsel's performance fell below an objective standard of reasonableness and that his counsel's deficiencies prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). With respect to reasonableness, the court must determine the reasonableness of the challenged conduct on the facts of the particular case at the time of the attorney's conduct. The attorney's conduct must be "within the realm of competence demanded of attorneys in criminal cases." *Id.* at 687. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689; *see also id.* (directing that "[j]udicial scrutiny of counsel's performance must be highly deferential"). Given the strong presumption of reasonable performance, the showing required under this prong is a "difficult" one to make. *James v. Harrison*, 389 F.3d 450, 457 (4th Cir. 2004).

As for prejudice, a petitioner has the burden of proving that the alleged deficiencies were, in fact, prejudicial to the outcome of the proceeding. He must demonstrate that but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. It is not enough to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding. *Id.* at 693. Thus, even if counsel's

performance falls outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error likely had no effect on the judgment. *Id.* at 694.

### A.     Failure to Object to Omission of Individualized Assessment

Petitioner first argues that counsel rendered ineffective assistance of counsel by not objecting when, at sentencing, this Court did not announce its individualized assessment of the case. At sentencing, a court must court place upon the record an "'individualized assessment' based on the particular facts of the case before it." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009). On direct appeal, the Fourth Circuit acknowledged this Court's omission but found no error because "the omission did not affect [Petitioner]'s substantial rights." *Fincher*, 374 F. App'x at 443. In so finding, the Fourth Circuit pointed out that counsel requested a sentence at the low end of Petitioner's sentencing range and that this Court imposed the lowest possible sentence within that range. *Id.*

Although the Fourth Circuit's plain-error review of this Court's omission is not conclusive on the merits of Petitioner's argument, the appellate court touched upon an important fact: this Court imposed the sentence Petitioner requested. As such, the omission did not have a prejudicial effect on the sentence imposed. *See United States v. Hall*, 377 F. App'x 300, 301 (4th Cir. 2010) (per curiam) (finding that district court's omission of individualized assessment from the record was not prejudicial because defendant received the sentence he requested); *United States v.*

*Hernandez*, 603 F.3d 267, 272–73 (4th Cir. 2010) (same); *United States v. Boulware*, 604 F.3d 832, 839–40 (4th Cir. 2010) (same, applying harmless-error review).  Accordingly, Petitioner could not have been prejudiced if, after hearing an objection on compliance with *Carter*, this Court would have imposed the sentence Petitioner requested or a longer one.  The only way Petitioner can establish prejudice on this claim is by demonstrating that if counsel objected to this Court's omission, this Court would have imposed a shorter prison sentence than that which Petitioner requested.  The notion that a request for an individualized assessment would have compelled the Court to impose a prison sentence below what Petitioner requested, is speculative, at best.  Such a notion falls within the realm of mere conceivability and, as such, falls outside the scope of prejudice contemplated in *Strickland*.

Because Petitioner cannot demonstrate prejudice, he cannot show an error of constitutional magnitude.  Therefore his argument is without merit.[1]

### B.     Failure to Raise Crack–Powder Disparity Argument

Petitioner also argues that counsel rendered ineffective assistance of counsel by failing to request a lesser sentence on Petitioner's crack cocaine offense based on the sentencing disparity between crack and powder cocaine.[2]  According to

---

[1]   If it is clear that no prejudice resulted from the alleged error, a court need not make a determination concerning the attorney's performance.  *See Strickland*, 466 U.S. at 697.  Accordingly, this Court does not reach the issue of the adequacy of counsel's performance.

[2]   Under the law in effect when Petitioner was sentenced, a defendant convicted of possessing a certain amount of crack cocaine would generally receive the same prison sentence as a similarly situated

Petitioner, counsel should have asked this Court to apply a 1:1 sentencing ratio, which, if applied, would have reduced Petitioner's imprisonment term.

Petitioner cannot establish prejudice for this claim. Because Petitioner was convicted of possessing more than five grams of crack cocaine, he was subject to a statutory minimum prison sentence of sixty months. *See* 21 U.S.C. § 841(b)(1)(B) (2006). This Court imposed that minimum sentence upon Petitioner.[3] No argument on the crack-powder sentencing disparity could have enabled the Court to impose a lesser sentence. *See Kimbrough v. United States*, 552 U.S. 85, 107 (2007) ("sentencing courts remain bound by the mandatory minimum sentences prescribed [by statute]."). Because counsel's alleged error could not have harmed Petitioner in the manner alleged, Petitioner cannot show that counsel's alleged error resulted in prejudice. Therefore, Petitioner's second claim for ineffective assistance of counsel is without merit.

## II.   Armed Career Criminal Sentencing Guidelines Enhancement

Next, Petitioner argues that this Court improperly found that Petitioner qualified for the armed career criminal sentencing enhancement. Specifically,

---

defendant convicted of possessing one hundred times more powder cocaine. *See* 21 U.S.C. § 841(b)(1)(B) (2006); U.S.S.G. § 2D1.1 (2008).

[3]  Petitioner received 60 months for possession with intent to distribute crack cocaine, 202 months for felon in possession of a firearm, and 60 months for possession of a firearm in furtherance of drug trafficking. The first two sentences run concurrently and the third sentence runs consecutively, for a total of 262 months imprisonment.

Petitioner contends that this Court erroneously counted several of Petitioner's prior convictions as predicate offenses, thereby categorizing him as an armed career criminal under U.S.S.G. § 4B1.4.

The Court concludes that this claim is procedurally defaulted. Where a habeas petitioner fails to challenge a habitual offender sentencing enhancement at sentencing or on direct appeal, he typically is barred from raising such a challenge on collateral review. *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010) (quoting *Sanchez–Llamas v. Oregon*, 548 U.S. 331, 351 (2006)); *see also United States v. Emmanuel*, 869 F.2d 795, 796 (4th Cir. 1989) (non-constitutional issues are deemed waived in a § 2255 motion if they were not raised on direct appeal). Such a petitioner can avoid procedural default only by demonstrating either cause for the default and prejudice or actual innocence of a predicate offense. *Pettiford*, 612 F.3d at 280, 284.

Here, Petitioner did not previously challenge his armed career criminal Guidelines enhancement.[4] Thus, his claim is procedurally defaulted. The question remains whether he can prove either of the exceptions to the procedural bar.

To qualify for the first exception to procedural default, Petitioner must show both cause and prejudice. *See Pettiford*, 612 F.3d at 280 n.9. "The existence of

---

[4] In his § 2255 Motion, Petitioner states that he raised this issue both at sentencing and on direct appeal. (§ 2255 Mot. 9, ECF No. 78.) However, this Court has reviewed its record and the Fourth Circuit's record. It can find nothing in either record resembling a challenge to the armed career criminal Guidelines enhancement.

cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). "[A] petitioner cannot establish cause when the facts underlying the claim were in existence and were available upon a reasonably diligent search." *Rose v. Lee*, 252 F.3d 676, 687 (4th Cir. 2001).

Here, the fact that several of Petitioner's prior convictions were being used to qualify him for the armed career criminal Guidelines enhancement was in existence at all relevant times. Furthermore, Petitioner knew—or at least should have known—of this fact, even before sentencing. Petitioner's presentence investigation report ("PSR") included a list of Petitioner's prior convictions. Under each of the prior convictions that was treated as a predicate offense, "**Enhancement toward § 4B1.4 Armed Career Criminal**" was written in bold, underlined text. (*See* PSR 6 ¶¶ 16–17, 8 ¶ 21, ECF No. 50.) At sentencing, Petitioner stated that he had read his PSR and that he had no objections to it. (Tr. of Hr'g 2:8–2:17, Aug. 18, 2009, ECF No. 70.) Under *Rose*, Petitioner cannot establish cause for his default. Therefore, he cannot qualify for this exception.[5]

---

[5] Because Petitioner must demonstrate both cause and prejudice, and because this Court finds that Petitioner cannot show cause, this Court need not determine whether Petitioner could demonstrate prejudice. *See Pettiford*, 612 F.3d at 280 n.9.

Furthermore, Petitioner cannot establish the actual innocence exception. In the context of habitual offender sentencing enhancements, the actual innocence exception applies "only where the challenge to eligibility stems from the factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." *Pettiford*, 612 F.3d at 284. In other words, a petitioner must demonstrate that he did not commit the predicate crime of which he was convicted. *Mikalajunas*, 186 F.3d at 494.

Here, Petitioner does not even allege that he did not, in fact, commit any of the predicate offenses. Instead, he asserts that the enhancement was improper because he served no prison time for any of his predicate convictions. Even if true, this assertion does not constitute actual innocence in fact, as required by *Pettiford*. Therefore, Petitioner has not set forth facts that, if true, would qualify him for the actual innocence exception.

Because Petitioner's claim is procedurally defaulted and he cannot meet either exception to procedural default, this Court dismisses the claim.

### III.    Correction of Sentence under Sentencing Guidelines Amendment

Finally, Petitioner seeks a reduction in his prison sentence under a recent amendment to the Sentencing Guidelines that reduces the base offense levels for crack cocaine. *See* U.S.S.G. § Amend. 748 (Nov. 1, 2010).

Petitioner brings this claim under 28 U.S.C. § 2255. However, claims for sentence reductions under amendments to the Guidelines are cognizable as motions

pursuant to 18 U.S.C. § 3582(c)(2). *See United States v. McHan*, 386 F.3d 620, 622 (4th Cir. 2004). Labels assigned to pleadings filed by *pro se* litigants are not determinative of a claim's true nature. *Gordon*, 574 F.2d at 1151. Accordingly, although Petitioner raises the current request under § 2255, this Court construes it as a motion pursuant to 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) provides that where a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), "upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The applicable policy statement is found in U.S.S.G. § 1B1.10(a). Where a defendant is serving a term of imprisonment, and the Guidelines range applicable to that defendant has subsequently been lowered as a result of an amendment to the Sentencing Guidelines listed in § 1B1.10(c), a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). U.S.S.G. § 1B1.10(a)(1) (2010). However, if an amendment is not listed in § 1B1.10(c), it may not be applied retroactively in a § 3582(c)(2) motion. *See id.* § 1B1.10(a)(2); *United States v. Dunphy*, 551 F.3d 247, 249 n.2 (4th Cir.), *cert. denied*, ___ U.S. ___, 129 S. Ct. 2401 (2009).

In the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372, Congress directed the Sentencing Commission to promulgate emergency amendments to the Guidelines that would bring the Guidelines into conformity with the Act. *See* 124 Stat. at 2374. The result of that directive was Amendment 748, which, among other things, adjusted downward the base offense levels for crack cocaine possession. However, as of the date of this Order, Amendment 748 is not listed in U.S.S.G. § 1B1.10(c). Accordingly, reducing Petitioner's sentence would not be consistent with any policy statement from the Commission. Because Petitioner has not shown a sufficient basis for modification of his sentence under § 3582(c)(2), his claim is without merit.

## Conclusion

A review of Petitioner's § 2255 Motion and the record plainly shows that Petitioner is not entitled to relief. Therefore, this Court shall dismiss the Motion without requiring a response from the Government. The Court declines to issue a certificate of appealability in this matter.[6]

---

[6] When a district court issues a final ruling on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 and 2255. The Court has reviewed its order and, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003) (to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

IT IS THEREFORE ORDERED THAT Petitioner's request for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) is DENIED.

IT IS FURTHER ORDERED THAT the remainder of Petitioner's § 2255 Motion is DISMISSED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

March 7, 2011
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL DECISION ON § 3852(c) CLAIM

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Petitioner has the right to appeal the portion of this Order addressing his motion under 18 U.S.C. § 3852(c) within sixty (60) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**