```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF SOUTH CAROLINA
                       SPARTANBURG DIVISION
```

Starks Fincher, Jr.,                )
                                    )      C/A No.: 7:13-cv-02891-GRA
                Petitioner,         )      (Cr. No.: 7:08-cr-01219-GRA)
                                    )
    v.                              )               **ORDER**
                                    )           (Written Opinion)
United States of America,           )
                                    )
                Respondent.         )
_____)

Presently pending before the Court is Petitioner's motion to reduce his sentence pursuant to 28 U.S.C. § 2241. ECF No. 126. For the reasons set forth below, the motion is **DENIED**.

## BACKGROUND

On April 3, 2009, Defendant pled guilty to possessing cocaine base with intent to distribute, being a felon in possession of a firearm, and using a firearm in furtherance of a drug trafficking crime. ECF Nos. 1 & 44. On August 18, 2009, Petitioner was sentenced to a term of 262 months imprisonment. ECF No. 60. At sentencing, Petitioner received an enhancement pursuant to the Armed Career Criminal Act ("ACCA"). ECF Nos. 50 & 70. Petitioner filed an appeal contesting the length of his sentence, and the Fourth Circuit affirmed the judgment of this Court. ECF Nos. 63 & 76. In 2011, Petitioner's initial motion to vacate pursuant to 28 U.S.C. § 2255 was dismissed, and the Fourth Circuit again affirmed. ECF Nos. 79 & 91. Thereafter, Petitioner filed a number of other motions attempting to challenge or

reduce his sentence, all of which have been unsuccessful. *See* ECF Nos. 93, 105, 107, 113, 122.

On January 7, 2015, Petitioner filed the pending motion to reduce his sentence, which is labeled as a motion pursuant to 28 U.S. C. § 2241. ECF No. 126. Petitioner contends that he was incorrectly sentenced as an armed career criminal because his prior convictions for second degree burglary and possession of marijuana do not qualify as predicate offenses under the ACCA.[1] *Id.*

## DISCUSSION

A motion filed pursuant to 28 U.S.C. § 2241 "generally challenges the execution of a federal prisoner's sentence, such as parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers." *Manigault v. LaManna,* 2006 WL 1328780 *2 (D.S.C. 2006). In contrast, "[28 U.S.C.] § 2255 is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence." *Id.* Here, the claim raised in Petitioner's motion is a claim that should be filed in a motion to vacate or correct a sentence pursuant to 28 U.S.C. § 2255. *See Dewitt v. United States*, No. 4:09-cv-70083, 2010 WL 1838960, at *1-2 (D.S.C. May 5, 2010) (determining that petitioner's Section 2241 claim that he was incorrectly sentenced as an armed career criminal should be reclassified as a Section 2255 claim). Therefore, the Court concludes that it is appropriate to recharacterize Petitioner's Section 2241 motion as a motion pursuant to Section 2255.[2]

---

[1] Petitioner's prior conviction for possession of marijuana was not actually used as a predicate offense for the ACCA enhancement. *See* ECF No. 50 at 6-9. There were four prior convictions used as predicate offenses, including one conviction of second degree burglary and three convictions for distribution of crack cocaine. *Id.*

[2] The Court need not issue a *Castro* warning prior to recharacterizing the motion because Petitioner has already litigated a Section 2255 motion. *United States v. Joseph*, 455 F. App'x 341 (4th Cir. 2011).

"A second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."  28 U.S.C. § 2255(h); *see also id.* § 2244(b)(3)(A) ("Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").  Here, Petitioner previously filed a § 2255 motion, which was dismissed.  ECF Nos. 79 & 91.  Petitioner has not shown that he obtained a certification from the Fourth Circuit authorizing this Court to consider a successive § 2255 motion.  Therefore, the instant motion is procedurally barred and must be denied.

## CONCLUSION

Based on the foregoing, Petitioner's Motion, ECF No. 126, is **DENIED**.  The Court declines to issue a certificate of appealability in this matter.

**IT IS SO ORDERED.**

_____
G. Ross Anderson, Jr.
Senior United States District Judge

February  25 , 2015
Anderson, South Carolina