UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Starks Fincher, Jr., ) | | |
| ) | C/A No.: 7:13-cv-02891-GRA | |
| Petitioner, ) | (Cr. No.: 7:08-cr-01219-GRA) | |
| ) | | |
| v. ) | **ORDER** | |
| ) | (Written Opinion) | |
| United States of America, ) | | |
| ) | | |
| Respondent. ) | | |
| _____ ) | | |

Petitioner, Starks Fincher, Jr., a federal prisoner proceeding *pro se*, seeks leave to file a petition pursuant to Federal Rule of Civil Procedure 15(c)(2) challenging his status as an Armed Career Criminal. ECF No. 131. The Government opposes Petitioner's motion and has filed a motion for summary judgment. ECF Nos. 135 & 136. The Government argues *inter alia* that Petitioner attempts to circumvent the procedural bars of 28 U.S.C. § 2255 by characterizing the instant motion as seeking relief pursuant to Federal Rule of Civil Procedure 15(c)(2). ECF No. 135.

Inasmuch as Petitioner is attacking his classification as an Armed Career Criminal, this Court re-characterizes his request as a motion under 28 U.S.C. § 2255. Failure to seek permission to file a second or successive petition in the appropriate court of appeals prior to the filing of the petition in the district court is fatal to the outcome of any action on the petition in this Court. The Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on second or successive motions under 28 U.S.C. § 2255.

Petitioner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Petitioner has previously filed several § 2255 motions, all of which were dismissed by this Court.[1]  ECF Nos. 79, 113, & 129.  The United States Court of Appeals for the Fourth Circuit denied Petitioner a certificate of appealability and dismissed his appeal on at least two separate occasions.[2]  *See* ECF Nos. 91, 122, & 124.  Petitioner does not allege in his motion that he has obtained an order of certification from the Fourth Circuit authorizing this Court to consider another petition brought pursuant to 28 U.S.C. § 2255. Therefore, the instant motion must be dismissed, as this Court lacks jurisdiction to hear a successive § 2255 motion for relief without permission from the Fourth Circuit.

**IT IS THEREFORE ORDERED** that Petitioner's Motion be construed as a successive petition for relief pursuant to 28 U.S.C. § 2255, and is dismissed as this Court is without jurisdiction to consider it.  The Court declines to issue a certificate of appealability in this matter.[3]

**IT IS FURTHER ORDERED** that Respondent's Motion for Summary Judgment is GRANTED.

**IT IS SO ORDERED.**

---

[1] Petitioner raised four claims in his first § 2255 motion.  This Court denied relief on three of the claims and construed the fourth claim as a motion under 18 U.S.C. § 3582(c)(2).  ECF No. 79.

[2] With respect to Petitioner's first § 2255 motion, the Fourth Circuit denied a certificate of appealability and dismissed the portion of Petitioner's appeal concerning the claims under § 2255, but modified this Court's Order to "reflect that the motion is dismissed without prejudice to Fincher's right to file another § 3582(c)(2) motion".  ECF No. 91.

[3] When a district court issues a final ruling adverse to the Petitioner on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 & 2255.  The Court has reviewed its order and declines to issue a certificate of appealability, as petitioner has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, to satisfy § 2253(c), "a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").

*[signature]*

G. Ross Anderson, Jr.
Senior United States District Judge

September 1, 2015
Anderson, South Carolina